# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARLO INCORPORATED OF RACINE WISCONSIN,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>UNIVERSAL TANK & FABRICATION, INC., CANNON SLINE INDUSTRIAL, INC., and AMERICAN BOILER, INC.,<br><br>　　　　　　　　　　Defendants. | Case No. 14-CV-155-JPS<br><br><br><br>ORDER |

In February of this year, plaintiff Marlo Incorporated of Racine, Wisconsin ("Marlo") initiated this lawsuit against defendants Universal Tank & Fabrication, Inc. ("Universal Tank"), Cannon Sline Industrial, Inc. ("Cannon Sline"), and American Boiler, Inc. ("American Boiler"). (Docket #1). Presently before the court is Universal Tank's motion to dismiss. (Docket #6). The motion is fully briefed and ready for adjudication.

1.　　Facts as Asserted in the Complaint

Around October 1, 2010, Marlo entered into a contract to supply a water treatment system for installation at Yale University in New Haven, Connecticut ("the Yale Project"). Compl. at ¶ 7. The system included nine carbon-steel lined water treatment vessels, which were to be manufactured in accordance with the standards as established by the American Society of Mechanical Engineers ("ASME"). Compl. at ¶ 7. Marlo subcontracted with Universal Tank to design and fabricate the vessels; Universal Tank represented to Marlo that it would make the vessels in accordance with ASME standards. Compl. at ¶ 8. Once the vessels were installed, it was discovered that the vessels' interior linings were improperly applied and

defective. Compl. at ¶ 9. All nine vessels had to be removed, relined, and reinstalled. Compl. at ¶ 10. Marlo initially bore the costs of the work after Universal Tank refused to be involved. Compl. at ¶ 10. Marlo and Universal Tank subsequently entered into an agreement to share the costs of the work ("the Release"); as part of the agreement, Marlo released Universal Tank from liability associated with the Yale Project. Compl. at ¶ 10. About three months after the vessels were relined, reinstalled, and reactivated, two of the vessels began to leak. Compl. at ¶ 12. Marlo contracted with American Boiler to fix the leaks; American Boiler rewelded part of the vessels, thereby damaging the vessels' lining. Compl. at ¶¶ 13-14. Marlo then contracted with Cannon Sline to reline the two affected vessels. Compl. at ¶ 14. Subsequent inspections have revealed that these linings are defective. Compl. at ¶ 14. Three of the nine vessels have developed leaks. Compl. at ¶ 15. A third-party evaluation of the tanks showed that Universal Tank failed to design and manufacture the vessels in accordance with ASME standards. Compl. at ¶ 15. The evaluation also shows that the linings are defective and failing. Compl. at ¶ 15. The third-party evaluation concludes that operating the vessels is unsafe and should be terminated. Compl. at ¶ 15.

Marlo's complaint asserts four claims. The first claim alleges that each defendant breached its contract with Marlo. Compl. at ¶¶ 16-20. The second claim alleges negligence against all defendants. Compl. at ¶¶ 21-25. The third claim asserts intentional misrepresentation against Universal Tank. Compl. at ¶¶ 26-31. The fourth claim asserts that Universal Tank breached the Release. Compl. at ¶¶ 32-35.

Universal Tank moves to dismiss the complaint, arguing that the Release requires dismissal of all claims, that the complaint does not

adequately plead fraud, that Marlo's claims of negligence and intentional misrepresentation are barred by the economic loss doctrine,[1] and that the complaint fails to allege a breach of the Release. (Docket #7). In its response, Marlo concedes that the negligence and intentional misrepresentation claims against Universal Tank are barred by the economic loss doctrine, and voluntarily dismisses the claims without prejudice. (Docket #9 at 6). This order will reflect the dismissal of those claims without further discussion. The remainder of this order considers Universal Tank's arguments that the Release bars Marlo's suit, and that the complaint fails to allege breach of the Release.

2.    Legal Standards

Universal Tank brings this motion to dismiss under Federal Civil Rule of Procedure 12(b)(6).[2] A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the plaintiff's complaint by asserting that the plaintiff failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), Marlo's complaint must allege facts sufficient to "state a claim for relief that is plausible on its face." *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In assessing a motion to dismiss, the court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

---

[1] *See Triad Group, Inc. v. Vi-Jon, Inc.*, 870 F.Supp.2d 645, 650 (E.D. Wis. 2012).

[2] Though Universal Tank titled and docketed the motion in CM/ECF as proceeding under Rule 12(b)(1), the analysis provided in the brief in support cites Rule 12(b)(6) throughout. (Dockets #6, #7).

3. Analysis

Universal Tank's first argument in support of its motion to dismiss is that the Release bars Marlo's claims. As Universal Tank admits, release is an affirmative defense, and thus generally a motion to dismiss predicated on a release is "improper" because "the existence of a defense does not undercut the adequacy of the claim." *Deckard v. General Motors Corp.*, 307 F.3d 556, 560 (7th Cir. 2002). The exception to this general principle is when the plaintiff's complaint "admits all the ingredients of an impenetrable defense." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Universal Tank asserts that the parties' Release is such an "impenetrable" defense, and that Marlo pleads itself out of court by recognizing the existence of the Release in its complaint. Brief in Support (Docket #7) at 5-8. However, in its responsive briefing, Marlo points to the several arguments included in its complaint that the Release is void, or alternatively, narrower in scope than Universal Tank asserts. Response (Docket #9) at 4-6. More specifically, Marlo argues that the intent of the parties was to release liability stemming from the tanks' lining issues, not from the entire Yale Project, and that the Release should be set aside due to mutual mistake or fraud. Given the procedural posture of the case, the court is obliged to accept as true the facts Marlo alleges, and to draw all possible inferences in Marlo's favor. *Tamayo*, 526 F.3d at 1081. Giving the facts Marlo alleges their due, the court is unable to conclude that Universal Tank has shown the Release to be an "impenetrable defense" to the suit because, if Marlo can prove up its theories that void or narrow the Release, it may be entitled to relief under the legal theories asserted in its complaint. Marlo's complaint narrates "an intelligible grievance that, if proved, shows a legal entitlement to relief." *U.S. Gypsum*

*Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) (citations). Therefore, the court will not grant Universal Tank's motion on this basis.

Universal Tank also moves to dismiss Marlo's fourth claim because it does not allege acts or omissions showing that Universal Tank has breached the Release. Brief in Support at 11. In response, Marlo provides two arguments. First, Marlo argues that, at the time the parties executed the Release, Universal Tank knew the tanks did not comply with ASME standards, and "[t]hat constitutes bad faith and a breach of the release." Response at 7. Alternatively, Marlo argues that the parties were mutually mistaken that the tanks complied with ASME standards when they entered into the Release. Neither of these arguments really rebuts Universal Tank's assertions. Breach of contract is defined as the "[v]iolation of a contractual obligation by failing to perform one's own promise, by repudiating it, or by interfering with another party's performance." *Black's Law Dictionary* 200 (8th ed. 2004). Marlo's arguments both speak to the circumstances surrounding the parties' agreement to enter into the Release, not to any subsequent non-performance of their obligations under the Release. The court concludes that Marlo's fourth claim fails to state a claim for breach of the release. The court will, therefore, grant Universal Tank's motion to dismiss this claim.

Accordingly,

IT IS ORDERED that Universal Tank's motion to dismiss (Docket #6) be and the same is hereby DENIED in part and GRANTED in part;

IT IS FURTHER ORDERED that Marlo's claim of negligence as asserted against Universal Tank be and the same is hereby DISMISSED;

IT IS FURTHER ORDERED that Marlo's claim of intentional misrepresentation be and the same is hereby DISMISSED; and

IT IS FURTHER ORDERED that Marlo's claim of breach of release be and the same is hereby DISMISSED.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2014.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge